UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK       X

JILL JERRAM,

       Plaintiff,

-against-

CORNWALL CENTRAL SCHOOL DISTRICT,
TIMOTHY REHM, Superintendent of Schools and
MICHAEL BROOKS, Assistant Superintendent of
Schools, sued in their individual capacities,

       Defendants.
_____X

**COMPLAINT**

**ECF Case**

**Jury Trial Demanded**

**08 CIV. 1025**

**JUDGE KARAS**

## I. INTRODUCTION

1. Plaintiff JILL JERRAM brings this lawsuit against her former employer, CORNWALL CENTRAL SCHOOL DISTRICT and TIMOTHY REHM, Superintendent of Schools and MICHAEL BROOKS, Assistant Superintendent of Schools, alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, the Equal Protection Clause of the 14th Amendment to the United States Constitution and the 1st Amendment to the United States Constitution.

## II. PARTIES

2. Plaintiff Jill Jerram is a woman residing in the State of New York.

3. Defendant Cornwall Central School District is a public entity organized pursuant to the laws of the State of New York. It may sue and be sued.

4. At all times relevant to this lawsuit, defendant Timothy Rehm was the

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Superintendent of Schools of defendant Cornwall Central School District. He is sued in his individual capacity.

5. At all times relevant to this lawsuit, defendant Michael Brooks was the Assistant Superintendent of Schools of defendant Cornwall Central School District and, formerly, High School Principal. He is sued in his individual capacity.

## III. JURISDICTION AND VENUE

6. As all events occurred within the County of Orange, venue is properly found in this district.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(3) & (4) and 42 U.S.C. §1983.

8. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission. Fewer than 90 days have elapsed since she received her Notice of Right to Sue.

## IV. FACTS

9. In or about July 2005, plaintiff commenced employment at Cornwall Central School District as Assistant Director of Pupil Personnel Services. Her primary function was overseeing special education services in the secondary schools. At that time, defendant Michael Brooks was the High School Principal.

10. Throughout the 2005-2006 school year, Brooks treated plaintiff and other middle-aged women in a derogatory and demeaning way, repeatedly making offensive and derogatory remarks and unjustly criticizing their work. Plaintiff told Brooks on a number of occasions that his conduct was wrong and discriminatory.

11. Plaintiff also complained about Brooks' behavior to Assistant Superintendent

Joseph Sciortino.

12. Thereafter, plaintiff met with defendant Timothy Rehm, during which she repeated her complaints about Brooks. Rehm said that Brooks and plaintiff just had a "personality conflict."

13. In or about July 2006, Sciortino left to take a position in another district and Brooks was promoted to the position of Assistant Superintendent.

14. In or about May 2006, plaintiff discovered serious financial mismanagement and subterfuge in the budget for special education services, attributable to Brooks.

15. Plaintiff brought this to the attention of her direct supervisor, Jill Boynton and to defendant Rehm. No action was taken.

16. Thereafter, in retaliation for plaintiff's whistleblowing, Rehm's hostility toward plaintiff increased.

17. In September 2006, Rehm told plaintiff to find another job by November.

18. In November 2006, at Rehm's request, the Board of Education voted to terminate plaintiff's employment.

19. Thereafter, defendants and other administrators gave derogatory information about plaintiff to nearby school districts, making it impossible for her to obtain employment locally.

20. Defendants terminated plaintiff's employment because of her gender and in retaliation for her complaints about gender discrimination and her 1st Amendment activity.

21. As a consequence of defendants' malicious actions, plaintiff was forced to seek employment in another part of the state, sell her home and relocate.

22. Plaintiff was unable to obtain comparable employment. As a consequence of defendants' discriminatory misconduct, plaintiff suffered lost wages and pension accruals, disruption of her career, loss of professional reputation as well as extreme emotional distress.

## V. CAUSES OF ACTION

23. Plaintiff hereby incorporates the allegations in paragraphs 1-21 as if fully restated herein.

24. Defendants willfully and knowingly violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, the Equal Protection Clause of the 14th Amendment to the United States Constitution when they discriminated against plaintiff on account of her gender and retaliated against her for her lawful complaints of discrimination.

25. Defendants willfully and knowingly violated the 1st Amendment to the United States Constitution when they retaliated against her for her protected speech complaining about mismanagement and managerial misconduct.

**WHEREFORE**, plaintiff prays that this Honorable Court:

    a. accept jurisdiction over this matter;

    b. empanel a jury to fairly hear and decide this matter;

    c. award to plaintiff back and front pay;

    d. award to plaintiff compensatory damages sustained as a result of defendants' discriminatory practices;

    e. award to plaintiff punitive damages for defendants' willful and outrageous conduct; and

   f. award any other relief deemed just and proper.

Dated: January 28, 2008
    Chester, New York

                Respectfully submitted,

              S/ *Stephen Bergstein*
              HELEN G. ULLRICH (HU 6597)

              BERGSTEIN & ULLRICH, LLP
                 Counsel for plaintiffs
                  15 Railroad Avenue
                Chester, New York 10918
                   (845) 469-1277