# BERGSTEIN & ULLRICH, LLP

- ATTORNEYS AT LAW -

15 RAILROAD AVENUE • CHESTER, NEW YORK 10918
TELEPHONE (845) 469-1277
FACSIMILE (845) 469-5904
E-MAIL: thefirm@tbulaw.com
www.tbulaw.com

Stephen Bergstein
Helen G. Ullrich

*Of Counsel*
Christopher D. Watkins

**MEMO ENDORSED**

March 5, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

Hon. Kenneth M. Karas, U.S.D.J.
United State District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

re: <u>Jerram v. Cornwall CSD et al</u>
08 Civ. 01025

Dear Judge Karas:

    This firm represents plaintiff Jill Jerrram in this §1983/Title VII gender discrimination and retaliation case. I am writing to respond to defendants' February 29 letter requesting a premotion conference prior to filing a motion to dismiss pursuant to Rule 12(b)(6). For the following reasons, such a motion would be meritless. However, as outlined below, plaintiff respectfully requests leave to amend the Complaint to cure any deficiencies raised in defendants' letter.

    Defendants first argue that the Complaint is "devoid of allegations which could plausibly indicate that plaintiff's employment was terminated because of her gender." However, the Complaint ¶ 10 describes defendant Brooks' maltreatment of plaintiff and other similarly-situated women. Paragraph 11 describes plaintiff's complaint to defendant Rehm and his dismissive response. Within months, Brooks was promoted to Assistant Superintendent and, shortly thereafter, plaintiff was fired at the behest of Brooks and Rehm. Plaintiff requests leave to amend the Complaint to flesh out the anti-woman bias of Brooks and Rehm.

    Defendants also argue that plaintiff has failed to allege that she engaged in Constitutionally-protected speech. Paragraphs 14-16 describe plaintiff's whistle blowing about Brooks' financial mismanagement and waste. These statements are protected speech as they address matters of public concern. If defendants are suggesting that this speech is not protected under <u>Garcetti v. Ceballos</u>, 547 U.S. 410(2206), plaintiff requests leave to amend the Complaint to allege that this speech was not part of her job duties and that she spoke out as a citizen.

    Plaintiff agrees that the Title VII claims are not actionable against individual defendants; however, the §1983 claims are. Moreover, defendants admit that the Title VII retaliation claim can go forward.

    Therefore, plaintiff respectfully requests leave to amend the Complaint as outlined above to cure any deficiencies. Moreover, even if the Court should grant defendants' request to file a motion to dismiss, plaintiff respectfully requests that the Court permit discovery to proceed on the Title VII and §1983 retaliation claims.

Sincerely,

*Helen G. Ullrich*

Helen G. Ullrich

cc: Girvan & Ferlazzo, P.C.

> Plaintiff is given 30 days to amend the Complaint. Defendants may thereafter renew their request for a pre-motion conference, ~~et~~ but they will need to be specific in the grounds for dismissal.
>
> SO ORDERED
>
> KENNETH M. KARAS U.S.D.J.
>
> 3/7/08