UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK_____X

JILL JERRAM,

        Plaintiff,

-against-

CORNWALL CENTRAL SCHOOL DISTRICT,
TIMOTHY REHM, Superintendent of Schools and
MICHAEL BROOKS, Assistant Superintendent of
Schools, sued in their individual capacities,

        Defendants.
_____X

**AMENDED COMPLAINT**

08 CIV 1025 (KMK)(GAY)

**ECF Case**

**Jury Trial Demanded**

## I. INTRODUCTION

1. Plaintiff JILL JERRAM brings this lawsuit against her former employer, CORNWALL CENTRAL SCHOOL DISTRICT and TIMOTHY REHM, Superintendent of Schools and MICHAEL BROOKS, Assistant Superintendent of Schools, alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, the Equal Protection Clause of the 14th Amendment to the United States Constitution and the 1st Amendment to the United States Constitution.

## II. PARTIES

2. Plaintiff Jill Jerram is a woman residing in the State of New York.

3. Defendant Cornwall Central School District ("District") is a public entity organized pursuant to the laws of the State of New York. It may sue and be sued.

4. At all times relevant to this lawsuit, defendant Timothy Rehm was the

    Superintendent of Schools of defendant Cornwall Central School District. He is sued in his individual capacity.

5.  At all times relevant to this lawsuit, defendant Michael Brooks was the Assistant Superintendent of Schools of defendant Cornwall Central School District and, formerly, High School Principal. He is sued in his individual capacity.

### III. JURISDICTION AND VENUE

6.  As all events occurred within the County of Orange, venue is properly found in this district.

7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(3) & (4) and 42 U.S.C. §1983.

8.  Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission. Fewer than 90 days have elapsed since she received her Notice of Right to Sue.

### IV. FACTS

9.  In or about July 2005, plaintiff commenced employment at Cornwall Central School District as Assistant Director of Pupil Personnel Services. Her primary function was overseeing special education services in the secondary schools. At that time, defendant Michael Brooks was the High School Principal.

10.  Throughout the 2005-2006 school year, Brooks treated plaintiff and other middle-aged women in a derogatory and demeaning way, repeatedly making offensive and derogatory remarks and unjustly criticizing their work. Plaintiff told Brooks on a number of occasions that his conduct was wrong and discriminatory.

11.  During the 2005-2006 school year, Plaintiff complained about Brooks' behavior

to Assistant Superintendent Joseph Sciortino.

12. After complaining to Sciortino, Plaintiff and Sciortino together met with School Superintendent Timothy Rehm, where Jerram complained of harassment. Rehm refused to take Plaintiff's complaint seriously, insisting that it was merely a personality conflict.

13. Later that year, Plaintiff again spoke with Rehm, specifically complaining about gender discrimination and about Brooks's conduct toward older women, referencing herself and other teachers. Rehm became extremely angry and told Plaintiff that one of the other teachers was "nuts."

14. Defendants were also on notice of Brooks' discriminatory conduct toward older women as Rehm had received a complaint from a female building administrator about Brooks' conduct. In addition, two older female employees transferred to other buildings to get away from Brooks.

15. In July 2006, Sciortino left to take a position in another district and Brooks was promoted to the position of Assistant Superintendent.

16. Despite its knowledge of Brooks' discriminatory misconduct toward women, Defendants Rehm and the District chose to protect Brooks rather than respond to the complaints of discrimination.

17. Despite the complaints of at least five female employees, Defendants District and Rehm conducted no investigation nor curbed Brooks' behavior.

18. In or about May 2006, plaintiff discovered serious financial mismanagement and subterfuge in the budget for special education services, attributable to Brooks.

19. Plaintiff brought this to the attention of her direct supervisor, Jill Boynton, and to

defendant Rehm. No action was taken.

20. Financial mismanagement and waste of public funds are matters of public concern and such complaints constitute protected speech. Moreover, as she spoke out as a citizen, this speech was not part of Plaintiff's job duties.

21. In retaliation for plaintiff's whistleblowing, Rehm's hostility toward plaintiff increased.

22. In September 2006, Rehm told plaintiff to find another job by November.

23. In November 2006, at Rehm's request, the Board of Education voted to terminate plaintiff's employment. The board is the District's policymaker in that it made the final decision to terminate Plaintiff's employment.

24. Thereafter, defendants and other administrators gave derogatory information about plaintiff to nearby school districts, making it impossible for her to obtain employment locally.

25. Defendants terminated plaintiff's employment because of her gender and in retaliation for her complaints about gender discrimination and her protected speech.

26. As a consequence of defendants' malicious actions, plaintiff was forced to seek employment in another part of the state, sell her home and relocate.

27. Plaintiff was unable to obtain comparable employment. As a consequence of defendants' discriminatory misconduct, plaintiff suffered lost wages and pension accruals, disruption of her career, loss of professional reputation as well as extreme emotional distress.

V. CAUSES OF ACTION

28. Plaintiff hereby incorporates the allegations in paragraphs 1-27 as if fully restated herein.

29. Defendant Cornwall Central School District willfully and knowingly violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, the Equal Protection Clause of the 14th Amendment to the United States Constitution when it discriminated against plaintiff on account of her gender and retaliated against her for her lawful complaints of discrimination.

30. Defendants willfully and knowingly violated the 1st Amendment to the United States Constitution when they retaliated against her for her protected speech complaining about mismanagement and managerial misconduct.

31. Defendants Rehm and Brooks willfully and knowingly violated the Equal Protection Clause of the 14th Amendment to the United States Constitution when they discriminated against plaintiff on account of her gender and retaliated against her for her lawful complaints of discrimination.

**WHEREFORE**, plaintiff prays that this Honorable Court:

    a. accept jurisdiction over this matter;

    b. empanel a jury to fairly hear and decide this matter;

    c. award to plaintiff back and front pay;

    d. award to plaintiff compensatory damages sustained as a result of defendants' discriminatory practices;

    e. award to plaintiff punitive damages for defendants' willful and outrageous conduct; and

    f.  award any other relief deemed just and proper.

Dated:  March 31, 2008
      Chester, New York

                      Respectfully submitted,

                S/_____
                HELEN G. ULLRICH (HU 6597)

                BERGSTEIN & ULLRICH, LLP
                  Counsel for plaintiffs
                  15 Railroad Avenue
                 Chester, New York 10918
                    (845) 469-1277