UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JILL JERRAM,

                                  Plaintiff,

    -against-                                  **Civil Case No.:      7:08-CV-01025**
                                                                     **KMK/GAY**

CORNWALL CENTRAL SCHOOL DISTRICT,
TIMOTHY REHM, Superintendent of Schools and
MICHAEL BROOKS, Assistant Superintendent of
Schools, sued in their individual capacities,

                                  Defendants.

---

### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

As and for their Answer to Plaintiff's First Amended Complaint dated April 1, 2008 (hereinafter "Complaint"), Defendants, Cornwall Central School District (hereinafter "District"), Timothy Rehm, and Michael Brooks (hereinafter collectively referred to as "Defendants"), by and through their counsel, Girvin & Ferlazzo, P.C., set forth as follows:

1.      As to the allegations contained in paragraph "1" of the Complaint herein: acknowledge that Plaintiff purports to advance various claims under 42 U.S.C. § 2000e-5, *et seq.* and the United States Constitution; refer all questions of law contained therein to the Court; and deny all remaining factual allegations, statements, and inferences contained therein.

2.      As to the allegations contained in paragraph "2" of the Complaint herein:  admit that Plaintiff is female; deny knowledge or information sufficient to form a belief as to Plaintiff's residence; and deny all remaining factual allegations, statements, and inferences contained therein.

1

3.      As to the allegations contained in paragraph "3" of the Complaint herein: admit that the District is a public entity organized pursuant to state law; admit that the District can have standing in certain legal proceedings; refer all questions of law to the Court; and deny all remaining allegations, statements, and inferences contained therein.

4.      As to the allegations contained in paragraph "4" of the Complaint herein: admit that Defendant Rehm holds the position of Superintendent of Schools at the District; acknowledge that Plaintiff purports to advance an individual capacity claim against Defendant Rehm; and deny all remaining allegations, statements, and inferences contained therein.

5.      As to the allegations contained in paragraph "5" of the Complaint herein: admit that Defendant Brooks holds the position of Assistant Superintendent of Schools; acknowledge that Plaintiff purports to advance individual capacity claims against Defendant Brooks; and deny all remaining allegations, statements, and inferences contained therein.

6.      As to the allegations contained in paragraph "6" of the Complaint herein: admit that venue is proper; and deny all remaining allegations, statements, and inferences contained therein.

7.      As to the allegations contained in paragraph "7" of the Complaint herein: refer all questions of law to the Court; and deny all remaining allegations, statements, and inferences contained therein.

8.      As to the allegations contained in paragraph "8" of the Complaint herein: refer all questions of law to the Court; and deny all remaining allegations, statements, and inferences contained therein.

9.      As to the allegations contained in paragraph "9" of the Complaint herein: admit that Plaintiff commenced her probationary employment with the District in July 2005; admit that

2

Defendant Brooks was the High School Principal at that time; and deny all remaining allegations, statements, and inferences contained therein

10.     As to the allegations contained in paragraph "10" of the Complaint herein: admit that Defendant Brooks criticized Plaintiff's work during the 2005-2006 school year; and deny all remaining allegations, statements, and inferences contained therein.

11.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "11" of the Complaint herein.

12.     As to the allegations contained in paragraph "12" of the Complaint herein: admit that Plaintiff met with Defendant Rehm; and deny all remaining allegations, statements, and inferences contained therein.

13.     Deny all allegations, statements, and inferences contained in paragraph "13" of the Complaint herein.

14.     Deny all allegations, statements, and inferences contained in paragraph "14" of the Complaint herein.

15.     As to the allegations contained in paragraph "15" of the Complaint herein: admit that Joseph Sciortino left the District in July 2006; admit that Defendant Brooks became the Assistant Superintendent in July 2006; and deny all remaining allegations, statements, and inferences contained therein.

16.     Deny all allegations, statements, and inferences contained in paragraph "16" of the Complaint herein.

17.     Deny all allegations, statements, and inferences contained in paragraph "17" of the Complaint herein.

3

18.    Deny all allegations, statements, and inferences contained in paragraph "18" of the Complaint herein.

19.    As to the allegations contained in paragraph "19" of the Complaint herein: admit that Plaintiff's direct supervisor was Jill Boynton; and deny all remaining allegations, statements, and inferences contained therein.

20.    Deny all allegations, statements, and inferences contained in paragraph "20" of the Complaint herein.

21.    Deny all allegations, statements, and inferences contained in paragraph "21" of the Complaint herein.

22.    As to the allegations contained in paragraph "22" of the Complaint herein: admit that in the Fall of 2006, Defendant Rehm had a discussion with Plaintiff regarding her employment future; and deny all remaining allegations, statements, and inferences contained therein.

23.    As to the allegations contained in paragraph "23" of the Complaint herein: admit that the Board of Education voted to terminate Plaintiff's probationary employment in November 2006; admit that Defendant Rehm recommended Plaintiff's termination to the Board of Education; and deny all remaining allegations, statements, and inferences contained therein.

24.    Deny all allegations, statements, and inferences contained in paragraph "24" of the Complaint herein.

25.    Deny all allegations, statements, and inferences contained in paragraph "25" of the Complaint herein.

26.    Deny all allegations, statements, and inferences contained in paragraph "26" of the Complaint herein.

4

27.     Deny all allegations, statements, and inferences contained in paragraph "27" of the Complaint herein.

28.     Deny all allegations, statements, and inferences contained in paragraph "28" of the Complaint herein.

29.     Deny all allegations, statements, and inferences contained in paragraph "29" of the Complaint herein.

30.     Deny all allegations, statements, and inferences contained in paragraph "30" of the Complaint herein.

28.     Deny any and all other allegations, statements, and inferences contained in the Complaint herein, which are not specifically addressed by the foregoing paragraphs.

29.     Deny all allegations, claims, statements, prayers for relief, and inferences contained in the "WHEREFORE paragraph" of the Complaint herein, including subparagraphs "a" through "f" thereunder.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31.     Some or all of the allegations contained in the Complaint herein fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32.     Some of the claims asserted by the Plaintiff are barred by the applicable statutes of limitation.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33.     The actions of the Defendants, if any, were made in good faith, without malice, and/or performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34.     Defendants have not deprived Plaintiff of any rights, privileges, or immunities secured under the Constitution or the Laws of the United States.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35.     Plaintiff's claims must be dismissed as against the individually named Defendants under the doctrine of qualified immunity, in that the actions of the individually named Defendants, if any, were discretionary and made in good faith.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

36.     Plaintiff's claims are barred in whole or in part by her failure to satisfy conditions precedent to commencing the instant action and/or her failure to exhaust administrative remedies.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

37.     To the extent that the Complaint seeks punitive or exemplary damages as against the District, such claims should be dismissed as the District is absolutely immune from such liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

38.     At all times relevant hereto, Defendants treated Plaintiff in a lawful and non-discriminatory manner, and their actions with respect to Plaintiff were at all times legally privileged and justified, and all employment decisions related to Plaintiff were based on legitimate nondiscriminatory reasons.

<u>**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**</u>

39.    Plaintiff cannot establish any custom, policy, or practice of the District which deprived Plaintiff of any constitutional right.

**WHEREFORE,** Defendants request that the Complaint be dismissed and for such other and further relief in Defendants' favor as the Court deems appropriate.

DATED:         April __, 2008

                                        GIRVIN & FERLAZZO, P.C.

                                        By:_____
                                               Gregg T. Johnson
                                               Bar Roll No.:  GJ3348
                                        Attorneys for Defendants
                                        Office and P.O. Address
                                        20 Corporate Woods Blvd.
                                        Albany, New York 12211
                                        Tel:    518-462-0300
                                        Fax:    518-463-5037
                                        Email:  gtj@girvinlaw.com
                                                   spq@girvinlaw.com

TO:    Helen G. Ullrich, Esq.
         BERGSTEIN & ULLRICH, LLP
         Attorneys for Plaintiff
         15 Railroad Avenue
         Chester, New York   10918
         Tel:    845-469-1277
         Fax:    845-469-5904
         Email:  hullrich@frontiernet.net

7